AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JEVEL VICIOSO, KELVEN MANUEL FERNANDEZ-GUERRERO, and ADRIAN ISNARDO AMADO DAZO | ) ) ) ) ) ) | Case No. 8:22MJ1211 JSS |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 2, 2022__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States. |
| 46 U.S.C. §§70506(a) and (b) | |

This criminal complaint is based on these facts:

See Affidavit

☑ Continued on the attached sheet.

*Complainant's signature*

Christopher B. Mulligan, DEA Special Agent
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: 3/9/2022

*Judge's signature*

City and state: Tampa, FL

JULIE S. SNEED, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher B. Mulligan, being duly sworn, depose, and state:

### Introduction and Agent Background

1. I am a Special Agent with the Drug Enforcement Administration (DEA), and have been employed by DEA since 2005. I am currently assigned to the DEA Tampa District Office. I have been a Law Enforcement Officer for approximately 23 years. I have conducted numerous criminal drug investigations of both domestic and international drug trafficking organizations involved in the manufacturing, distribution, and possession of controlled substances such as cocaine, methamphetamine, marijuana etc.

2. From 2013 through 2020, I was assigned overseas to the DEA Guayaquil Resident Office, located at the U.S. Consulate, Guayaquil, Ecuador. I assisted and supported the Ecuador National Police, Ecuador Coast Guard and Navy in international maritime counter-narcotic operations. From 2005 through 2013, I was assigned to the DEA Oakland Resident Office, Oakland, California. There, I conducted numerous domestic criminal drug investigations. Prior to being hired by DEA, I served as an Illinois Police Officer for the County of DuPage, Wheaton, Illinois from 1999 through 2005. I was a uniformed Police Officer assigned to the DuPage County Forrest Preserve District from 1999 through 2002, whereby I enforced county and Illinois State wildlife and drug statutes. From 2002 through 2005, I was a Criminal Investigator assigned to a Special Victims Unit located at the DuPage County State's Attorney's Office, Children's Center,

Wheaton, Illinois. There, I investigated severe child abuse and homicide cases of children under the age of 16 within the County of DuPage and enforced Illinois State Statutes for successful prosecution on behalf of the victims.

3. Since August of 2020, I have been assigned as a DEA Special Agent to Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force (OCDETF) composed of the following agencies: the Drug Enforcement Administration (DEA), the Federal Bureau of Investigation (FBI), Immigration and Customs Enforcement, Homeland Security Investigations (HSI), Coast Guard Investigative Service (CGIS), the United States Coast Guard (USCG), and the United States Attorney's Office for the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

## Statutory Authority

4. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about March 2, 2022, while aboard a vessel subject to the jurisdiction of the United States, the defendants, JEVEL VICIOSO, KELVEN MANUEL FERNANDEZ-GUERRERO, and ADRIAN ISNARDO AMADO DAZO, each of whom will be brought into the United States at a point in the Middle District of Florida, did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute

and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

5. The information contained in this Affidavit is based on my personal knowledge and/or reliable information related to me by other law enforcement officers with whom I have worked on this investigation. Because of the limited purpose of this Affidavit, however, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

6. The United States Coast Guard (USCG) has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

7. On March 2, 2022, while on routine patrol in the Caribbean Sea, a Maritime Patrol Aircraft (MPA) detected an unknown go-fast vessel (GFV), in International Waters, approximately 190 nautical miles (NM) South of Santo Domingo, Dominican Republic. The 30-foot GFV was riding low in the water with two outboard engines and three persons on board heading north at 22 knots. The United States Coast Guard Cutter (USCGC) CHARLES SEXTON was diverted to

investigate the suspect GFV. The USCGC CHARLES SEXTON launched a small boat with a USCG boarding team onboard to investigate. USCG District 7 Command granted a Statement of No Objection (SNO) to USCGC CHARLES SEXTON for surface use of force for a Right of Visit boarding (ROV) to stop a non-compliant vessel reasonably suspected of drug smuggling in international waters.

8. The boarding team on the USCG small boat gained control of the GFV without incident and conducted the ROV boarding of the GFV. The boarding team identified the following crewmembers on board the suspect GFV: JEVEL VICIOSO, KELVEN MANUEL FERNANDEZ-GUERRERO, and ADRIAN ISNARDO AMADO DAZO.

9. The master of the suspect GFV, JEVEL VICIOSO, claimed Dominican Republic nationality for himself and Colombian nationality for the GFV. The USCG requested confirmation of nationality from the Colombian government but the Colombian Government could neither confirm nor deny nationality of the GFV. Based on the lack of confirmation from Colombia, the USCG District 7 issued a SNO to treat the vessel as one without nationality and therefore subject to the laws of the United States. The USCG boarding team conducted a full law enforcement boarding.

10. The boarding team discovered bales of suspected contraband within the cargo/fish hold on the GFV. The USCG boarding team opened a bale of suspected cocaine and conducted two tests of the white powdery substance utilizing narcotic identification test kits (NIK), which indicated the positive presence of cocaine. The

4

USCG boarding team seized 19 bales of cocaine weighing approximately 469 kilograms (at-sea weight). The USCG boarding team seized the cocaine and detained the three crew members.

## Conclusion

11. Based upon the foregoing information, I respectfully submit that probable cause exists to believe that the following three defendants named herein, JEVEL VICIOSO, KELVEN MANUEL FERNANDEZ-GUERRERO, and ADRIAN ISNARDO AMADO DAZO, while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

Christopher B. Mulligan
Special Agent, DEA

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41 (d) (3), before me this 9 day of March, 2022.

JULIE S. SNEED
United States Magistrate Judge

5